**Valerie LESKO, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, William E. Gladden, Edward D. Douglas, S. Lee Kling, W.L. (Barry) Orscheln, Robert E. Jones and Ollie W. Gates, Respondents,**

**and**

**Terry Porterfield, Respondent.**

**No. WD 59195.**

Missouri Court of Appeals,
Western District.

May 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Carla Holste, Jefferson City, for appellant.

Paula Bangert Lambrecht, Rich Tiemeyer, Mo. Highways and Transportation Com'n, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Valerie Lesko, a 10–year veteran of the Missouri Department of Transportation (MDOT) was terminated from her position as Senior Auditor for lying to her supervisor about whether she had accessed certain computer files. She sought a post-termination hearing under § 36.390, RSMo.2000. After a hearing, the hearing officer concluded that § 226.090, RSMo.,

permitted an employee of MDOT to be discharged at will with or without cause. The Commission adopted the decision. Lesko filed a two-count petition in the Circuit Court of Cole County seeking judicial review of the Commission's decision and damages under 42 U.S.C. § 1983. Upon cross motions for summary judgment the trial court entered a judgment affirming the decision and order of the Commission.

Lesko raises two points on appeal. First she contends that § 36.390 and the MDOT termination procedure required that her termination be for the "good of the service" which is, she contends, essentially a "for cause" standard. The Commission's decision included no findings whether cause existed to terminate Lesko's employment. She complains that as a result her constitutional rights to due process were violated and that the decision is unsupported by competent and substantial evidence, is unauthorized by law, made upon an unlawful procedure, is arbitrary, capricious or unreasonable and involves an abuse of discretion.

In her second point, Lesko claims the Commission erred because her termination was not for the good of the service because the evidence was insufficient to establish that she lied to her supervisor or alternatively that the level of discipline (termination) constituted an abuse of discretion. We reverse and remand for further proceedings.

Lesko applied for a position of audit manager with MDOT, but was not interviewed for the job. The Division Director claims that when he told Lesko that the position had been filled, she stated that she already knew the position had been filled and the name of the new manager. The Director began an investigation and determined that files from a department computer program which Lesko was not authorized to access had, in fact, been accessed from her computer terminal. Lesko denied accessing those files. The Director terminated Lesko, giving as the reason for termination her allegedly false statement about accessing the computer files.

*Bowen v. Missouri Dep't of Conservation,* 46 S.W.3d 1 (2001) governs our decision in this matter. There, a non-merit employee, such as Lesko, made exactly the same arguments as herein. The Department of Conservation made the same arguments as MDOT has made herein, contending that the only finding required to support the termination was a finding that the employee served at the will of the agency. In *Bowen,* as here, the agency made no finding whether the termination was for the good of the service. This court in *Bowen* rejected both parties' arguments directing that the cause be remanded to the Department for its determination whether termination, rather than some other action or no action, was "not for the good of the service." Both parties agree that the same statutes and procedures applicable in *Bowen* govern the termination of Ms. Lesko. There is no basis for distinguishing these cases.

We, therefore, reverse and remand to the MDOT so that it can determine whether the termination of Ms. Lesko, as opposed to some other discipline, was "not for the good of the service."

THOMAS H. NEWTON, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.